## UNITED STATES DISTRICT COURT
## FIRST DISTRICT OF EASTERN MASSACHUSETTS

**SUFFOLK, ss.**                                                         **DOCKET NO. 18-**

| | |
|---|---|
| **SUZANNE LEWIS,** ) | |
|       **Plaintiff** ) | |
| ) | |
| **vs.** ) | **COMPLAINT** |
| ) | |
| **WALT DISNEY PARKS &** ) | |
| **RESORTS U.S., INC. AND** ) | |
| **AMERICAN AUTOMOBILE** ) | |
| **INSURANCE COMPANY** ) | |
|       **Defendants** ) | |

### JURISDICTION

This Case is one instituted in accordance with 28 USC § 1332, as Plaintiff, a patron of Defendant is a domiciliary of Massachusetts and Defendant operates a Resort in the State of Texas. Accordingly, Jurisdiction is based upon Diversity of Citizenship.

1.   The Plaintiff is an Individual who at all times material hereto was and is a resident and domiciled in the Commonwealth of Massachusetts and has, as her principal place of residence the address of 25 Norman Street, Unit 1, Revere, County of Suffolk, and in the Commonwealth of Massachusetts;

2.   Defendant, Walt Disney Parks & Resorts U.S., Inc. is a corporate entity which furnishes hotel and park/recreational services to the general public at its numerous facilities, and for purposes of this Complaint owned and operated the facility at Lake Buena Vista, at Orlando in the State of Florida where Plaintiff, on April 19th of 2017 sustained serious injuries as a result of a fall while a guest at said facility. This Defendant makes its principal place of business the address of 1375 Buena Vista Drive, Orlando, Florida 32830-8402;

3.   Defendant American Automobile Insurance Company is a subsidiary of Allianz Global Corporate Specialty and provides commercial general liability coverage to

Defendant Disney, and makes as its principal place of business the address of 225 West Washington Street, Suite 1800, Chicago, Illinois 60606-3458;

## COUNT I:NEGLIGENT MAINTENANCE OF PREMISES:
### (DEFECTIVE DESIGN)

4.    On April 19th of 2017, while traveling to exit the Lake Buena Vista Resort on her motorized scooter-vehicle, the Defendant neglectfully permitted a three (3) stair staircase constructed of a uniformed pattern of tile to exit without marking, posting or warning of the same, and while not marked or delineated in any way, Plaintiff drove her motorized unit over the staircase, rolling over and falling from the motorized unit, and sustained serious injuries to her knee, leg and ankle;

5.    The failure to <u>warn</u> of the camouflaged staircase was negligent, and the failure to post and notify patrons of the existence of the unmarked staircase was the proximate cause of the Plaintiff's fall from her motorized vehicle;

6.    As a result of the negligence of the Defendant and the fall sustained by Plaintiff, Plaintiff sustained multiple serious injuries, required emergency medical care, sustained a fracture and other soft tissue injuries including but not limited to a torn meniscus and other injuries. The Plaintiff suffered severe pain of body and mind, was permanently disabled for an extended period of time, followed by physical therapy, and has incurred medical, surgical, physical therapy and other therapeutic costs, and has been further Damaged.

## COUNT II: NEGLIGENCE

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in Paragraphs 1 through 6 above, as though specifically restated herein, and in addition thereto, states the following:

7.    The Defendants had a duty to maintain the safe passageway of the premises for their patrons, and by virtue of the failure to mark and identify the staircase and pathway upon which Plaintiff was injured, the Defendants created an ultra-

hazardous condition, and as such, the Plaintiff sustained a very serious fall, sustained multiple serious injuries, required emergency medical care, sustained a fracture and other soft tissue injuries, has been permanently disabled for an extended period of time, has undertaken physical therapy to assist her with the problems incurred by virtue of the injuries sustained, and has incurred further medical, surgical and physical therapeutic expenses, has suffered great pain of mind and body, and has been further damaged. See Photographs depicting area of fall annexed hereto as Exhibit "1".

## COUNT III: AS AGAINST AMERICAN AUTOMOBILE INSURANCE COMPANY
### (BREACH OF CONTRACT/M.G.L. CHAPTER 93A)

Plaintiff repeats, realleges, and incorporates by reference each of the allegations contained in Paragraphs 1 through 7 above, as though specifically restated herein, and in addition thereto, states the following:

8. Following more than a year of furnishing invoices, medical expenses, Releases for Medical, expenses incurred, physical therapy costs incurred, and following numerous forms of correspondence having made Demands upon the Defendant Walt Disney Parks and Resorts U.S., Inc., the Defendants' Claim Representative, one Andres Rodriguez working through the Defendant American Automobile Insurance Company failed to properly acknowledge, evaluate, and timely resolve the claim following Plaintiff having incurred in excess of $40,000.00 in medical expenses and other medical care;

9. Defendant American Automobile Insurance Company and its Claim Representative Andres Rodriguez held himself out as the Claims Representative for Walt Disney Parks and Resorts U.S., Inc., and have undertaken to ignore by virtue of his failure to timely assess, accurately determine liability, and to resolve this claim equitably;

10. Following the failure of the Claims Representative to timely and accurately assess, evaluate and resolve the claim, Plaintiff sent or caused to be sent a

3

Demand Letter on May 21st of 2018, making a claim for Damages based upon the theory of Negligence on the poorly, undifferentiated tile on a three (3) step platform, Plaintiff made a Demand For Relief in accordance with the provisions of M.G.L. Chapter 93A and 176 (D), said Demand being contained in said letter of even date, and incorporating by reference each of the documents which had been previously furnished on a number of occasions, made a Demand for $110,000.00, that sum being the Demand plus addition time and costs incurred as a result of the Defendants' failure to timely acknowledge and responsibly deal with the liability. A copy of the Demand Letter sent and received by Defendant American Automobile Insurance Company is annexed here to as Exhibit "2", and the Return Receipt is annexed here to as Exhibit "3";

11.     The Defendants failed to make a timely response within the meaning of M.G.L. Chapter 93A to meaningfully respond to the Demand following thirty (30) days after the receipt of the subject Demand Letter;

12.     The failure of this Defendant to timely and seasonably respond to the Demand Letter which laid out the dispute, incorporated all of the previous submissions tendered to and known to be in the possession of the Defendant, including but not limited to, records, medical records, bills, other narratives of a descriptive nature describing the nature, extend and seriousness of the injuries, and the failure of this Defendant to meaningfully respond within the statutory period was and is, in and of itself, an Unfair and Deceptive Trade and Settlement Practice in violation of M.G.L. Chapter 93A, and as a result of these breaches and deficiencies, the Plaintiff claims Damages and Costs pursuant to the subject statute, as well as, reasonable Attorney's Fees as against this Defendant.

WHEREFORE, Plaintiff Demands:

1.     Judgment on Count I together with Costs and Interest;

2.     Judgment on Count II in an amount equal to or greater than $100,000.00 together with Interest and Costs;

3.     Judgment on Count III, and that this Honorable Court undertake to make specific findings that all or substantially all of the acts of the Defendants, and particularly Defendant American Automobile Insurance Company in intentionally failing to properly determine its obligations to address the liability and the validity of the claim, and timely administer and resolve the claim, was and remains Unfair and Deceptive both as a Trade and Settlement Practice, and in making said findings that this Honorable Court double or treble Damages proven under the theory of the Third-Party Beneficiary Contract, and Award Damages occasioned by the material omissions and failure to properly undertake due diligence by evaluation and resolution of this claim, and thereafter, that this Honorable Court Award reasonable Attorney's Fees occasioned by the need to prosecute and defend in this matter; and

4.     For such further relief as this Honorable Court deems just and equitable.

Respectfully submitted,
Suzanne Lewis,
By her Attorney,


/s/ David T. Fulmer, Esq.
Dated: September 14, 2018                          David T. Fulmer, Esq.
576 Main Street
Winchester, MA 01890
Telephone: (781) 721-2111
            (617) 549-6970
B.B.O. # 181330